# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-CR-00722 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER JR. |
| vs. | : | |
| QUENTIN D. FIPS, | : | **MOTION TO SUPPRESS** |
| | : | (Evidentiary Hearing Requested) |
| Defendant. | : | |

Quentin Fips, through counsel, respectfully moves this Honorable Court for an Order suppressing the firearm because it was the product of an unlawful search of Mr. Fips' vehicle and in violation of his Fourth Amendment rights. A memorandum in support of this motion is attached and incorporated herein.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Charles E. Fleming*_____
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
*/s/* CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
Email: charles_fleming@fd.org
Email: cathi_adinaro@fd.org

**MEMORANDUM**

## I. Facts

On September 7, 2018 several members of the Cleveland Police Gang Impact Unit were "touring" the near west side of Cleveland "for criminal activity" in unmarked cars. (Exh. A: Det. Bays Report). The officers "observed two black males standing in the street next to a white Buick LaCrosse." (Exh. A). According to Detective Andre Bays, one of the black males (later identified as Mr. Quentin Fips) was seen reaching into the driver's side window of the Buick as the officers drove by. Several officers exited their vehicles and approached the two black males who were still standing in the street. The officers verbally identified themselves as law enforcement and were all wearing police ballistic vests with their badges showing. (Exh. A).

Sargent Johnson allegedly approached Mr. Fips and asked why he was reaching into the car after seeing the police. What happened next is in dispute. According to Det. Bays, "Mr. Fips opened the driver's door and reached inside stating, "'this is what I was doing' [and] inadvertently open[ed] the center console revealing" a handgun. (Exh. A). Mr. Fips disputes this. Mr. Fips states that he never reached into the car after the officer approached. Instead, Sargent Johnson himself reached into the car and opened the center console. Mr. Fips did not consent to this search and Sargent Johnson did not have probable cause to search his car. Because the search of Mr. Fips' car was without consent or probable cause, the search was conducted in violation of Mr. Fips' Fourth Amendment rights and this Court should suppress the firearm recovered.

## II. Mr. Fips did not consent to the search or "inadvertently" display the firearm to Sargent Johnson.

The dispute in this case centers entirely on how the firearm was discovered in Mr. Fips' car. Mr. Fips did not consent to the search of his car and the police reports make no mention that Mr. Fips gave verbal consent to search his car. Additionally, Mr. Fips denies reaching into the car

and opening, inadvertently or otherwise, the center console. This version of the events makes no practical sense. When the officers approached Mr. Fips and Dominque Dorsey, they were standing in the street near his car. Officers approached Mr. Fips and Mr. Dorsey and identified themselves as law enforcement. Mr. Fips, knowing the officers would want him to keep his hands in plain view, would not have reached into his car as armed police officers approached him. That would have put his life at risk.

Mr. Fips' recollection is much more logical. Sargent Johnson approached Mr. Fips and asked why he reached into the car after seeing the police. Sargent Johnson then, without a warrant or probable cause, reached into Mr. Fips' car and opened the center console. This is when Sargent Johnson saw the firearm in the console. [1]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "[T]he basic rule [is] that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.'" *Arizona v. Gant*, 555 U.S. 332, 338 (2009). In this case, Sargent Johnson had no lawful right to search Mr. Fips' car. Sargent Johnson's search of the car's closed center console was a violation of Mr. Fips' Fourth Amendment rights.

### III. Conclusion

Mr. Fips respectfully requests this Court hold an evidentiary hearing to address the legal/factual issues herein raised.

---

[1] It is also alleged that Mr. Fips attempted to run and tossed the drugs charged in the Indictment. Mr. Fips maintains his innocence allegations. Nonetheless, Mr. Fips does not challenge the seizure of the alleged drugs, which were neither on his person or in the mentioned automobile when seized.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

*/s/Charles E. Fleming*
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
*/s/* CATHI ADINARO
Attorney at Law
Ohio Bar:  0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
Email: charles_fleming@fd.org
Email: cathi_adinaro@fd.org

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, a copy of the foregoing Motion to Suppress was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

>*/s/Charles E. Fleming*
>CHARLES E. FLEMING
>Assistant Federal Public Defender
>Ohio Bar: 0046778