IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00722 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| QUENTIN FIPS, | ) | <u>GOVERNMENT'S RESPONSE IN</u> |
| | ) | <u>OPPOSITION TO DEFENDANT'S</u> |
| Defendant. | ) | <u>MOTION TO SUPPRESS</u> |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Kathryn G. Andrachik, Assistant United States Attorney, and hereby responds in opposition to Defendant Quentin Fips's ("Defendant") Motion to Suppress. (R. 18: Motion, PageID 79-83).

**I.**     **Factual and Procedural Background**

On September 7, 2018, Sergeant Johnson and detectives from Cleveland Police's Gang Impact Unit were on patrol in unmarked vehicles near the area of Denison Avenue and Storer Avenue in Cleveland, Ohio. As the detectives turned onto West 49th Street, they saw Defendant and another male standing near a white Buick. Defendant immediately reached inside the driver's window of the Buick after seeing the detectives. The detectives stopped their vehicles, got out, and approached Defendant. Sergeant Johnson asked Defendant why he reached inside the Buick window. Defendant opened the driver's door of the Buick, stated "this is what I was doing," and opened the center console revealing a handgun. Sergeant Johnson grabbed Defendant by the belt to prevent him from picking up the gun. Defendant then tried to flee, but fell and threw a bag of suspected crack cocaine. Defendant was placed under arrest.

The handgun in the center console of the Buick was recovered and identified as an operable Lorcin Model L380, .380 handgun, serial number 513738. It was loaded with seven rounds of .380 caliber ammunition. A further search uncovered a digital scale in the back of the Buick.

On December 4, 2018, Defendant was charged in a three-count indictment with being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**II.    Law and Argument**

"Police officers can initiate a consensual encounter with a citizen without regard to suspicion of criminal activity. It is well-established that an officer may approach a citizen and generally ask questions of that individual, ask to examine that individual's identification, and request consent to search ... as long as the police do not convey a message that compliance with their requests is required." *United States v. Russ*, 772 F.Supp.2d 880, 886 (N.D. Ohio 2011), aff'd, 508 Fed.Appx. 377 (6th Cir. 2012), *citing Florida v. Bostick*, 501 U.S. 429, 434–35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (internal quotations omitted); *see also United States v. Waldon*, 206 F.3d 597, 603 (6th Cir.2000) (stating that "law enforcement officers may approach an individual and ask general questions without having any reasonable suspicion of criminal activity, so long as the officers refrain from the type of intimidating behavior that would lead a reasonable person to believe that the person was not free to leave.").

The Sixth Circuit, following United States Supreme Court precedent, has held that officers' identifying themselves as law enforcement does not constitute a seizure. *See United States v. Campbell*, 486 F.3d 949, 954 (6th Cir. 2007), *citing Florida v. Royer*, 460 U.S. 491 (1983). Specifically when a parked car is involved, an encounter is considered consensual if the car is not blocked from leaving its location. *See United States v. Carr,* 674 F.3d 570, 574 (6th Cir.2012).

Defendant argues that the firearm in this case was found as the result of an unlawful search of Defendant's vehicle. The firearm, however, was not found as the result of a search. Rather, Defendant revealed the handgun to detectives during a consensual encounter. As stated above, Sergeant Johnson asked Defendant what he was doing when he saw officers driving down the street. Defendant then opened the center console, revealing the handgun. Prior to this action, Defendant was not arrested and was free to leave. He was not required to speak with Sergeant Johnson and the other detectives, and detectives were not parked in a way that blocked Defendant from leaving either by foot or in his vehicle. Detectives conducted a lawful consensual encounter.

Once the firearm was in the detectives' sight, detectives could lawfully seize the firearm pursuant to the plain-view doctrine. "Under the plain view doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *United States v. Campbell*, 549 F.3d 364, 373 (6th Cir.2008), *citing United States v. Herndon,* 501 F.3d 683, 692 (6th Cir. 2007) (internal quotations omitted). "A motorist has no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police

officers." *Id., citing United States v. Bradshaw,* 102 F.3d 204, 211 (6th Cir. 1996) (internal quotations omitted). Here, detectives were lawfully present next to Defendant's vehicle conducting a consensual encounter. Therefore, detectives could lawfully seize the firearm at this time.

When Sergeant Johnson tried to pull Defendant back upon viewing the handgun, Defendant attempted to flee and threw a bag of suspected crack cocaine. At this point, detectives had additional probable cause to arrest Defendant and search his vehicle. "Under the automobile exception, police officers may conduct a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir.1998) (citations omitted); *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir.1998) (citations omitted)). In this case, Defendant was standing outside of a vehicle that detectives saw him reaching into prior to him throwing a bag of cocaine. Defendant had also revealed a handgun in the center console. Detectives had probable cause to search the vehicle for further evidence of a crime.

Even if officers did not have probable cause to search Defendant's vehicle for further evidence of a crime after seeing the firearm, they properly conducted an inventory search of the vehicle. "[I]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine,* 479 U.S. 367, 371 (1987) (*See Illinois v. Lafayette* 462 U.S. 640, 643 (1983); *South Dakota v. Opperman,* 428 U.S. 364, 367–376 (1976)). "The policies behind the warrant requirement are not implicated in an inventory search, *Opperman*, 428 U.S., at 370, n. 5, nor is the related concept of probable cause." *Colorado v. Bertine*, 479 U.S. 367, 371 (1987).

Because Defendant was placed under arrest for possession of drugs, it is protocol for his vehicle to be towed. Detectives did not need probable cause to conduct an inventory search of the vehicle.

**III.    Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion to suppress.

          Respectfully submitted,

          JUSTIN E. HERDMAN,
          United States Attorney

By:  /s/ Kathryn G. Andrachik
      Kathryn G. Andrachik (OH: 0093998)
      Assistant United States Attorney
      801 W. Superior Ave Suite 400
      Cleveland, OH 44113
      (216) 622-3804 (phone)
      (216) 522-8354 (fax)
      Kathryn.Andrachik@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2019, a copy of the foregoing Response in Opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kathryn G. Andrachik
Kathryn G. Andrachik
Assistant U.S. Attorney