UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America          Case No:1:18-CR-722

    v.

Quentin D. Fips                   Re: Motion For Conference

FILED
JAN 15 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## AFFIRMATION

Greetings Honorable Judge Oliver,

    Your Honor, I sit and study the indictment. My conscience asks me, why does it read United States v. Quentin Fips instead of State of Ohio v. Quentin Fips? I never committed a crime on federal grounds. Title 40 U.S.C. §3112(c) Federal Jurisdiction states: it is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section. Your Honor, we have a purely local matter including a local defendant, a local detective, and a purely local situation. I was never in transaction, wire tap, recording, CI, CS, surveillance, or in virtual vision of any federal agents. The question is, does this court have jurisdiction to hear the case? Subject matter jurisdiction can be raised at any time without time limit.

## BACKGROUND

    On September 7th, 2018, I was standing next to a vehicle and the Cleveland Police Gang Impact Unit approached me and demanded me to tell them why I was reaching in the driver side window? I told the officer "I was grabbing my phone". The officers proceeded to ask questions of my name and whos car it was. I told the officer that the car belonged to the mother of my child. Sgt. Johnson started to flash his light in the vehicle while asking if there's anything in

the vehicle. I responded "No" followed by "I am not detained and I need a lawyer for further questioning". I started to walk away but Det. Detrick tackled me to the ground while Sgt. Johnson proceeded to arrest me and place me inside the unmarked patrol car. The officer began to search the vehicle.

## DISCUSSION

The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effect against unreasonable search and seizures shall not be violated... This inestimable right of personal security belongs as much to the citizens on the streets of our cities. (See Terry v. Ohio 392 U.S. (1968)). The Cleveland Police Gang Impact Unit is there to "protect and serve" not harass citizens. As recognized by the Supreme Court: it would be stretching the fact beyond reasonable comprhension to find that the officers had had probable cause to arrest and search the vehicle. The Supreme Court recently held that the Fourth Amendment protects people and not places, and wherever an individual may harbor a reasonable expectation of privacy is insured and he is entitled to be free from unreasonable governmental intrusion. (See Katz v. United States 389 U.S. 347 (1967)). Unquestionable petitioner was entitled to the protection of the Forth Amendment as he sat near a vehicle in the Cleveland streets. (See Beck v. Ohio 379 U.S. 89). An arrest with or without a warrant must stand upon firmer grounds than mere suspicion though the arresting officers need not have in hand evidence which would warrant a man of reasonable caution in the belief that a felony has been committed must be measured by the facts of the particular case. The history of infrequent abuse

of the power to arrest cautions that a relaxation of the fundemental requirement of probable cause would leave law at the mercy of the officers. In other words, police officers up to today have been permitted to effect arrests or searches without warrants only when the facts within their personal knowledge would satisfy the constitutional standard of probable cause.

## LEGAL FRAMEWORK

Rule 3 through 9 of the Federal rules of criminal procedure preserve the proper procedural sequence of the Fourth, Fifth, and Sixth Amendment. If any portion of any of these rules, i.e., of any of the three amendments, is defective, Courts of the United States lose subject matter jurisdiction. I contend that the crime alleged against the defendant is a state crime, that involved a local defendant, local police, and a purely local situation. This court lacks jurisdiction to intervene in a purely local matter... and that the act under which I am charged, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801, can not be applied to activities that are not connected with interstate commerce. In this regard, I assert that the federal courts intervention in this case raises significant questions of interference with the Ninth and Tenth Amendments of the United States Constitution and to the due process rights and equal rights protections of the Fourteenth Amendment if: Terry v. Ohio lacked a probable cause, Katz v. U.S. lacked probable cause, Mapp v. Ohio lacked probable cause, and Arizona v. Grant lacked probable cause, then United States v. Quentin Fips should also lack probable cause.

## CONCLUSION

I therefore respectfully ask the Court with manners to dismiss the matters pending before the United States District Court for the Northern District of Ohio Eastern Division.

Date: December 20th, 2019

Respectfully Submitted,

x *Quentin Fips*
Quentin D. Fips

Sworn to and subscibed to this 20th day of December, 2019.

Christine Miller, Notary Public
My Commission Expires: 12/20/2022

